[No. D036426. Fourth Dist., Div. One. Feb. 26, 2001.]

DEL CERRO MOBILE ESTATES, Plaintiff and Appellant, v.
MARGERY L. PROFFER, Defendant and Respondent.

944

**COUNSEL**

Hart, King & Coldren, Robert C. Coldren, C. William Dahlin and John A. Marlo III for Plaintiff and Appellant.

Law Offices of Vincent L. Goodwin and Vincent L. Goodwin for Defendant and Respondent.

**OPINION**

**KREMER, P. J.**—Plaintiff Del Cerro Mobile Estates appeals an order granting defendant Margery L. Proffer's motion for attorney fees under Civil Code[1] section 798.85[2] after Del Cerro voluntarily dismissed its lawsuit against Proffer for breach of contract and abatement of nuisance. Del Cerro contends the court should have concluded Proffer was not entitled to attorney fees on either cause of action. Del Cerro also attacks the amount of attorney fees awarded. We affirm the order.

I

**INTRODUCTION**

In January 1991 Del Cerro rented Proffer a homesite in its mobilehome park. Under the parties' written rental agreement, Proffer agreed to abide by the park's rules and regulations. The parties' rental agreement also contained an attorney fee clause.

---

[1] All statutory references are to the Civil Code unless otherwise specified.

[2] Section 798.85 provides: "In any action arising out of the [Mobilehome Residency Law, section 798 et seq.] the prevailing party shall be entitled to reasonable attorney's fees and costs. A party shall be deemed a prevailing party for the purposes of this section if the judgment is rendered in his or her favor or where the litigation is dismissed in his or her favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise."

In January 1997 Del Cerro filed this lawsuit against Proffer. Del Cerro's first amended complaint's cause of action for breach of contract alleged Proffer breached her contractual obligations by violating various provisions of the park's rules and regulations, thus entitling Del Cerro to compensatory damages. Further, Del Cerro's first amended complaint's cause of action for abatement of nuisance alleged those asserted violations by Proffer constituted a public nuisance under the Mobilehome Residency Law, thus entitling Del Cerro to compensatory damages and injunctive relief. Del Cerro also alleged contractual and statutory entitlement to attorney fees.

In September 1997, upon Del Cerro's request, the clerk entered dismissal of the entirety of this lawsuit without prejudice. A few days later, Proffer filed a motion and cost memorandum seeking $10,924.75 attorney fees as the asserted prevailing party under section 798.85. In October 1997 Proffer filed another cost memorandum seeking total attorney fees of $13,674. In November 1997 after hearing, the superior court awarded Proffer $8,153.65 attorney fees.

## II

### DISCUSSION

■■■ Seeking reversal of the order awarding Proffer attorney fees, Del Cerro contends its voluntary dismissal of this lawsuit precluded Proffer from recovering attorney fees incurred in defending against Del Cerro's cause of action for breach of contract. Del Cerro also contends Proffer was not entitled to attorney fees as the prevailing party under section 798.85 because the attorney fee clause in the parties' rental agreement assertedly did not contemplate a fee award where litigation arising under such agreement was voluntarily dismissed without prejudice. Further, Del Cerro attacks the amount of the attorney fees awarded to Proffer as assertedly devoid of evidentiary support. Finally, Del Cerro contends that absent an unqualified reversal of the appealed order, the matter should be remanded to the superior court for allocation of the costs, including attorney fees incurred by Proffer in defending against each separate cause of action. However, as we shall explain, although Del Cerro's voluntary dismissal of this lawsuit barred Proffer's recovery of attorney fees incurred in defending against Del Cerro's cause of action for breach of contract, the court properly awarded Proffer her attorney fees incurred in defending against Del Cerro's cause of action for abatement of nuisance. Moreover, on this record Del Cerro has not established that the court reversibly erred with respect to the amount of the attorney fee award or that remand for allocation is warranted.

A

*Proffer Was Not Entitled to Attorney Fees on
Cause of Action for Breach of Contract*

■ Code of Civil Procedure section 1032, subdivision (b) provides: "Except as otherwise expressly provided by statute, a prevailing party is entitled as a matter of right to recover costs in any action or proceeding." For purposes of determining entitlement to recover such costs, the term "prevailing party" is statutorily defined to include "a defendant in whose favor a dismissal is entered . . . ." (*Id.*, subd. (a)(4).) Further, when authorized by contract, statute or law, attorney fees are allowable as "costs" under Code of Civil Procedure section 1032. (Code Civ. Proc., § 1033.5, subd. (a)(10)(A)-(C).) In that vein, the Supreme Court has stated that "recoverable litigation costs do include attorney fees, but only when the party entitled to costs has a legal basis, independent of the cost statutes and grounded in an agreement, statute, or other law, upon which to claim recovery of attorney fees." (*Santisas v. Goodin* (1998) 17 Cal.4th 599, 606 [71 Cal.Rptr.2d 830, 951 P.2d 399].)

■ Here, the attorney fee clause of the parties' rental agreement provided: "In any action arising out of Homeowner's tenancy, this Agreement, or the provisions of the Mobilehome Residency Law, the prevailing party shall be entitled to reasonable attorneys' fees and costs. A party shall be deemed a prevailing party if the judgment is rendered in his favor or where the litigation is dismissed in his favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise." However, despite the language of such attorney fee clause, Del Cerro's voluntary dismissal of this lawsuit barred Proffer from recovering attorney fees incurred in defending against Del Cerro's breach of contract cause of action. (§ 1717;[3] *Santisas v. Goodin, supra,* 17 Cal.4th at pp. 602, 617.)

In *Santisas v. Goodin, supra,* 17 Cal.4th 599, the Supreme Court expressly concluded that "in voluntary pretrial dismissal cases, Civil Code section 1717 bars recovery of attorney fees incurred in defending contract claims

---

[3]Section 1717, subdivision (a) provides in relevant part: "In any action on a contract, where the contract specifically provides that attorney's fees and costs, which are incurred to enforce that contract, shall be awarded either to one of the parties or to the prevailing party, then the party who is determined to be the party prevailing on the contract, whether he or she is the party specified in the contract or not, shall be entitled to reasonable attorney's fees in addition to other costs."

Section 1717, subdivision (b)(2) provides in relevant part: "Where an action has been voluntarily dismissed . . . , there shall be no prevailing party [on the contract] for purposes of this section."

. . . ." (*Id.* at p. 602.) In reaching such conclusion, the Supreme Court construed subdivision (b)(2) of section 1717 "as overriding or nullifying conflicting contractual provisions, such as provisions expressly allowing recovery of attorney fees in the event of voluntary dismissal or defining 'prevailing party' as including parties in whose favor a dismissal has been entered. When a plaintiff files a complaint containing causes of action within the scope of section 1717 (that is, causes of action sounding in contract and based on a contract containing an attorney fee provision), and the plaintiff thereafter voluntarily dismisses the action, section 1717 bars the defendant from recovering attorney fees incurred in defending those causes of action, *even though the contract on its own terms authorizes recovery of those fees.*" (*Santisas,* at p. 617.) Accordingly, we conclude Proffer was not entitled to recover attorney fees for defending against Del Cerro's breach of contract cause of action.

B

*Proffer Was Entitled to Attorney Fees on Statutory Nuisance Claim*

Although section 1717 precluded Proffer from recovering attorney fees incurred in defending against Del Cerro's breach of contract cause of action, the superior court properly awarded Proffer attorney fees incurred in defending against Del Cerro's statutory nuisance action. Nothing in section 1717 or attendant case law "bars recovery of attorney fees incurred in defending tort or other noncontract claims." (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 602.) Thus, where "an action asserts both contract and tort or other noncontract claims, section 1717 applies only to attorney fees incurred to litigate the contract claims." (*Id.* at p. 615.)

For purposes of recovering attorney fees as litigation costs under Code of Civil Procedure section 1033.5, subdivision (a)(10)(A) through (C), Proffer had a legal basis to claim recovery of such fees grounded in the Mobilehome Residency Law, a statute "independent of the cost statutes" and also wholly separate from section 1717. (*Santisas v. Goodin, supra,* 17 Cal.4th at p. 606; cf. *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1776 [27 Cal.Rptr.2d 32].)[4] Specifically, Proffer was entitled to recover attorney fees under section 798.85, a statute providing that the prevailing party in an action under the Mobilehome Residency Law is entitled to reasonable attorney fees and that a party is deemed the prevailing party for the purposes of that statute "where the litigation is dismissed in his or her favor prior to or during the trial,

---

[4]"A defendant has the right to seek costs after dismissal of the complaint, and attorney fees recoverable under statutory authorization are deemed an element of costs." (*Adler v. Vaicius, supra,* 21 Cal.App.4th at p. 1776.)

unless the parties otherwise agree in the settlement or compromise." (*Ibid.*) Accordingly, given the absence of any showing that the parties agreed otherwise with respect to actions arising out of the Mobilehome Residency Law, the express language of section 798.85 deemed Proffer to be the prevailing party entitled to recover the attorney fees she incurred in defending against Del Cerro's cause of action for abatement of nuisance under the Mobilehome Residency Law.

We reject Del Cerro's contention, based on *Damian v. Tamondong* (1998) 65 Cal.App.4th 1115 [77 Cal.Rptr.2d 262], that the matter must be remanded to the superior court to use "a pragmatic approach" in making a factual determination whether in this litigation Proffer was in fact a defendant "in whose favor" a dismissal was entered and, as such, was a "prevailing party" entitled to costs and attorney fees under Code of Civil Procedure section 1032, subdivision (b). Del Cerro's reliance on *Damian* is unavailing as that case is factually distinguishable. Specifically, unlike the definition of "prevailing party" in section 798.85, the definition of "prevailing party" in the statute at issue in *Damian* (§ 2983.4) was silent on the effect of a pretrial dismissal. Further, our interpretation of section 798.85's express language as deeming Proffer to be the prevailing party is consistent with case law indicating the Legislature has specified in section 798.85 that a voluntary dismissal makes the defendant the prevailing party. (*Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 101-102 [77 Cal.Rptr.2d 600].)[5]

In sum, the superior court properly awarded Proffer attorney fees as the prevailing party under section 798.85 on Del Cerro's cause of action for abatement of nuisance.[6]

---

[5]Specifically, in *Coltrain v. Shewalter, supra,* 66 Cal.App.4th 94, the appellate court stated: "In cases where there has been a voluntary dismissal, ' "prevailing party" has no settled technical meaning . . . .' [Citation.] In some instances, the Legislature has headed the issue off at the pass by specifying in the applicable statute whether a voluntary dismissal makes the defendant the prevailing party. For example, under Code of Civil Procedure section 1032, costs are to be awarded to the 'prevailing party.' (Code Civ. Proc., § 1032, subd. (b).) As defined in Code of Civil Procedure section 1032, 'prevailing party' specifically includes 'a defendant in whose favor a dismissal is entered . . . .' (Code Civ. Proc., § 1032, subd. (a)(4); see also Civ. Code, § 798.85 [In action under the Mobilehome Residency Law, '[a] party shall be deemed a prevailing party . . . where the litigation is dismissed in his or her favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise.'])." (*Id.* at pp. 101-102.)

[6]We note that similar to section 798.85, the attorney fee clause of the parties' rental agreement also expressly provided for recovery of attorney fees by the prevailing party (defined to include a party in whose favor the litigation was dismissed before or during trial) in any action arising out of the provisions of the Mobilehome Residency Law, the precise basis for Del Cerro's nuisance cause of action against Proffer. However, our conclusion that Proffer was entitled to recover attorney fees incurred in defending against Del Cerro's

## C

### *Amount of Attorney Fee Award Was Not Erroneous*

■ Del Cerro contends the superior court abused its discretion in awarding Proffer $8,153.65 attorney fees when her counsel's records were assertedly inaccurately kept and some of the claimed fees were assertedly inflated, meritless and incurred either unnecessarily or not at all. However, to the extent it goes beyond mere speculation, Del Cerro's assertion that Proffer's counsel did not timely keep accurate and detailed billing records constitutes, in effect, an improper attempt to reweigh on appeal the conflicting evidence presented in the trial court. Further, the specific billings Del Cerro now challenges as inflated involved amounts totaling only some $3,000, a sum less than the difference between the $13,674 in attorney fees sought by Proffer and the $8,153.65 ultimately awarded by the court. Hence, on this record Del Cerro has not established judicial error with respect to the amount of the challenged attorney fee award.

## D

### *This Record Does Not Require Remand for Allocation*

Del Cerro contends that even absent an unqualified reversal of the attorney fee award, we should remand the matter to the superior court to allocate the costs including attorney fees incurred by Proffer in defending against each separate cause of action in Del Cerro's first amended complaint. Del Cerro also contends that neither Proffer nor the court ever made any such specific allocation. Further, in support of its contentions, Del Cerro notes that in *Santisas v. Goodin, supra,* 17 Cal.4th 599, the cause was remanded to the trial court to determine the proper amount of the attorney fee award.

However, as acknowledged by Del Cerro, Proffer conceded in the superior court that her recovery of attorney fees under the attorney fee clause of the parties' rental agreement was precluded under section 1717 and *International Industries, Inc. v. Olen* (1978) 21 Cal.3d 218 [145 Cal.Rptr. 691, 577 P.2d

---

nuisance cause of action is based solely upon the express language of section 798.85 and is wholly independent of the attorney fee clause of the parties' rental agreement or the impact, if any, of section 1717. Hence, we need not reach Del Cerro's contention that the attorney fee clause in the parties' rental agreement did not contemplate a fee award where, as here, litigation arising under such agreement was voluntarily dismissed without prejudice. Nonetheless, if we were to reach Del Cerro's contention, given the specific reference to pretrial dismissal in the definition of "prevailing party" in the agreement's attorney fee clause, we would reject such contention under the analysis set forth in *Santisas v. Goodin, supra,* 17 Cal.4th at pages 621-622.

1031].[7] Indeed, the record reveals that in a memorandum of points and authorities she filed in the superior court Proffer expressly stated she was "not demanding her attorney's fees under [the parties'] contract but rather by statute (other than by Civ. Code § 1717). *Adler v. Vaicius*[, *supra*,] 21 Cal.App.4th 1770, 1776." Nonetheless, despite Del Cerro's knowledge that Proffer's theory of entitlement to attorney fees was statutorily grounded in section 798.85, nothing in the record suggests Del Cerro ever argued to the superior court that any attorney fee award to Proffer should be apportioned between its contractual and noncontractual causes of action or limited to its noncontractual statutory cause of action for abatement of nuisance. Accordingly, Del Cerro may not raise such apportionment issue for the first time on appeal. (Cf. *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367 [184 Cal.Rptr. 560].) Further, in any event, since Del Cerro's two causes of action arose from a common core of operative facts, the court was not required to apportion the attorney fees incurred by Proffer between those causes of action. (*Reynolds Metals Co. v. Alperson* (1979) 25 Cal.3d 124, 129-130 [158 Cal.Rptr. 1, 599 P.2d 83]; *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133 [94 Cal.Rptr.2d 448]; *Drouin v. Fleetwood Enterprises* (1985) 163 Cal.App.3d 486, 492-493 [209 Cal.Rptr. 623].) Thus, on this record remand for allocation is not warranted.

E

*Proffer Is Entitled to Attorney Fees on Appeal*

Proffer requests recovery of attorney fees she has incurred in defending against this appeal by Del Cerro. " '[I]t is established that fees, if recoverable at all—pursuant either to statute or parties' agreement—are available for services at trial *and on appeal*.' . . . Indeed, appellate courts have consistently permitted a successful party to recover attorney fees incurred on appeal when a statute expressly permits such an award in the trial court or other lower tribunal." (*Morcos v. Board of Retirement* (1990) 51 Cal.3d 924, 927 [275 Cal.Rptr. 187, 800 P.2d 543].) Since nothing in section 798.85 suggests otherwise, Proffer is entitled as the prevailing party under such statute to recover her attorney fees incurred in defending against this appeal in an amount to be determined by the superior court. (*Morcos,* at p. 928.)

---

[7]In *Santisas v. Goodin, supra,* 17 Cal.4th 599, the Supreme Court observed: "In *International Industries, Inc. v. Olen*[, *supra*,] 21 Cal.3d 218 . . . (*Olen*), which involved a claim for attorney fees under Civil Code section 1717, a majority of this court held that 'recovery of attorney fees based on contract' is not permitted 'when the plaintiff voluntarily dismisses prior to trial.' (*Olen, supra,* at p. 223.) [¶] After this decision, the Legislature amended Civil Code section 1717 to state, in subdivision (b)(2), that if 'an action has been voluntarily dismissed or dismissed pursuant to a settlement of the case, there shall be no prevailing party for purposes of this section.' " (*Id.* at p. 602.)

## III

### DISPOSITION

The order is affirmed. The matter is remanded to the superior court to determine the amount of attorney fees on appeal recoverable by respondent Proffer.

Haller, J., and McDonald, J., concurred.