Filed 5/29/24  Stooksberry v. El Rovia Mobile Home Park CA2/1

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| FRANKLIN STOOKSBERRY, | B329202 |
| Plaintiff and Respondent, | |
| v. | (Los Angeles County Super. Ct. No. 21STCV35351) |
| EL ROVIA MOBILE HOME PARK, LLC, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Richard L. Fruin, Jr. Judge.  Reversed.

FisherBroyles, Pierson Ferdinand and Paul J. Beard II for Defendant and Appellant.

Neighborhood Legal Services of Los Angeles County and Dehsong Matheu for Plaintiff and Respondent.

_____

El Rovia Mobile Home Park, LLC (El Rovia) appeals from an order denying its request for attorney fees under Civil Code section 798.85, a provision of the Mobilehome Residency Law (Civ. Code, § 798 et seq.; MRL). El Rovia sought those attorney fees after one of its residents, respondent Franklin Stooksberry, voluntarily dismissed a complaint alleging, inter alia, El Rovia had charged fees for late payment of rent in violation of the MRL. The trial court found that Stooksberry's third cause of action implicated Civil Code section 798.85, but denied the attorney fees request because, during the pendency of the lawsuit, El Rovia refunded Stooksberry's late fees and rescinded its late fees policy.

On appeal, El Rovia argues it was the prevailing party for purposes of attorney fees under Civil Code section 798.85 by virtue of the dismissal in its favor, and it is immaterial that it had refunded Stooksberry's money and rescinded the challenged late fees policy. El Rovia further argues the trial court erred in finding Civil Code section 798.85 applicable to just the third cause of action.

We agree the trial court erred. We conclude two of Stooksberry's causes of action arose under the MRL, thus implicating Civil Code section 798.85—the third, which expressly invoked the MRL, and the second, which alleged a violation of the Unfair Competition Law (Bus. & Prof. Code, § 17200 et seq.; UCL) premised in part on the MRL.

We further hold El Rovia is the prevailing party under Civil Code section 798.85, which deems a party prevailing "where the litigation is dismissed in his or her favor." In light of this language, Stooksberry's voluntary dismissal in El Rovia's favor renders El Rovia the prevailing party, without regard for whether

Stooksberry dismissed the suit after achieving his litigation objectives.

Accordingly, we reverse and remand for the trial court to determine the amount of attorney fees to award.

## BACKGROUND

### 1.    *Complaint*

On September 24, 2021, Stooksberry filed a complaint against El Rovia.  In the general allegations preceding the causes of action, the complaint alleged El Rovia had violated Penal Code section 396, subdivision (e) by raising Stooksberry's rent by more than 10 percent during a state of emergency declared by the Governor.  The complaint further alleged El Rovia had imposed fees for late payment of rent in violation of Civil Code section 798.31, a provision of the MRL.

The first cause of action asserted claims under Penal Code section 396, subdivision (e) and the UCL for the allegedly unlawful rent increases.

The second cause of action also asserted violations of the UCL, reiterating the allegedly illegal rent increase under the first cause of action and adding the allegedly illegal imposition of late fees.  Stooksberry did not reference Civil Code section 798.31 under this particular cause of action.  Stooksberry alleged entitlement to attorney fees under Code of Civil Procedure section 1021.5 and Civil Code section 798.85.

The third cause of action alleged violation of the MRL, and specifically section 798.31, again based on the allegedly illegal imposition of late fees.

The fourth cause of action alleged the imposition of late fees was void under Civil Code section 1671, subdivision (d),

3

which concerns the validity of liquidated damages provisions in contracts for, inter alia, rental of real property.

The complaint prayed for an injunction against the rent increases and imposition of late fees, return of overpaid rent, general and specific damages, punitive damages, statutory damages under Civil Code section 798.86, attorney fees "as allowed by law," and costs.

## 2.    *Demurrer*

On February 28, 2022, El Rovia demurred to the complaint. El Rovia contended the causes of action concerning late fees were moot because El Rovia had rescinded its late fees policy in November 2021 and refunded the late fees Stooksberry had paid. To the extent the issue was not moot, El Rovia further contended Civil Code section 798.31 did not govern late payment charges at mobilehome parks. As for the rent increases, El Rovia argued El Monte's rent control law superseded Penal Code section 396, and Stooksberry had not exhausted his administrative remedies or joined El Monte as an indispensable party. El Rovia also moved to strike the prayer for punitive damages.

In support of its demurrer, El Rovia requested judicial notice of, inter alia, a November 4, 2021 letter from "Harmony Communities"[1] to Stooksberry's counsel stating, "Management has decided to permanently modify its late-fee policy from a percentage fee to a flat fee. Accordingly, we are enclosing a refund of your client's late fees . . . in the amount of $229.59. Those late fees are hereby cancelled. Further, while management works to develop its new policy, no late fees will be

---

[1] The record does not indicate what relationship Harmony Communities has with El Rovia.

4

applied to tenants, including your client, for November and December. Once finalized, the new late-fee policy will be properly noticed as required by law." The letter expressly disclaimed any admission or concession that the rescinded late fee policy was illegal or improper.

Stooksberry opposed the demurrer, motion to strike, and request for judicial notice. He argued, inter alia, the request for judicial notice of the letter purportedly rescinding the late fees policy did not comply with the Evidence Code and was an improper attempt to introduce facts at the demurrer stage. He contended he had adequately stated a claim under Penal Code section 396, and, because he had not alleged a violation of El Monte's rent control law or challenged any decisions by El Monte, the city was not an indispensable party. He claimed to have adequately pleaded entitlement to punitive damages.

The trial court overruled the demurrer on March 24, 2022. It rejected the mootness challenge to the late fees claims, ruling it could not take judicial notice of the purported communication from El Rovia rescinding the late fees policy. It also rejected El Rovia's argument that Civil Code section 798.31 does not prohibit late fees. The court further found the arguments concerning the interrelation of El Monte's rent control law and Penal Code section 398 "goes beyond matters pleaded and judicially noticeable." The court, however, granted the motion to strike the prayer for punitive damages.

### 3. *First amended complaint, dismissal, and motion for attorney fees*

On April 7, 2022, Stooksberry filed a first amended complaint. Although the complaint added allegations regarding the state of emergency and Stooksberry's payment of rent, and

5

omitted the prayer for punitive damages, it otherwise was largely identical to the original complaint.  Stooksberry continued to allege illegal rent increases and imposition of late fees, and asserted the same four causes of action as the original complaint, virtually unchanged.

El Rovia answered the first amended complaint on May 12, 2022.  On August 4, 2022, the parties filed a stipulation to continue trial in which they informed the trial court they intended to file cross-motions for summary judgment.  On November 1, 2022, the parties filed another stipulation to continue trial, this time stating the parties "may[ ]be filing motions for summary adjudication or summary judgment."

On December 9, 2022, Stooksberry filed a request for dismissal without prejudice, and the clerk dismissed the case. The record does not reveal why Stooksberry requested dismissal.

El Rovia then filed a motion for attorney fees under Civil Code section 798.85.  El Rovia argued Stooksberry's lawsuit "arises predominantly out of the provisions of the MRL," referencing in particular the second and third causes of action and the prayer for statutory damages under Civil Code section 798.86.  El Rovia contended it was the prevailing party under Civil Code section 798.85 because the complaint had been dismissed in its favor prior to trial.

El Rovia's counsel submitted a supporting declaration indicating $20,678.40 in attorney fees.

Stooksberry opposed the motion, arguing the first and second causes of action alleged price gouging in violation of the Penal Code, and did not arise from the MRL.  He contended the same was true for the third and fourth causes of action—the fourth cause of action was based on a statutory bar to liquidated

6

damages unrelated to the MRL, and because of that bar, the trial court never would have had to reach the MRL issue in the third cause of action. Stooksberry further argued El Rovia was not the prevailing party in any event, because Stooksberry "achieved [his] full legal objective" as to the MRL claim because El Rovia rescinded its late fees policy and refunded his money. Finally, Stooksberry contended El Rovia's attorney fees were unreasonable.

The trial court denied the request for attorney fees. The court found fees recoverable only as to the third cause of action for violation of the MRL. "However, [El Rovia] after the suit was filed refunded to [Stooksberry] the unauthorized fees, so the third cause of action was filed based on [El Rovia's] statutory violation. [Stooksberry's] other causes of action do not support a claim for attorneys' fees."

El Rovia timely appealed from the denial of its fees request.

## STANDARD OF REVIEW

" 'An order granting or denying an award of attorney fees is generally reviewed under an abuse of discretion standard of review; however, the "determination of whether the criteria for an award of attorney fees and costs have been met is a question of law" ' " "subject to de novo review." (*MHC Financing Limited Partnership Two v. City of Santee* (2005) 125 Cal.App.4th 1372, 1397.)

7

## DISCUSSION

On appeal, El Rovia argues the trial court erred in two ways:  first, by limiting application of Civil Code[2] section 798.85 to the third cause of action, and second, by ruling El Rovia was not entitled to fees under that provision.  We conclude section 798.85 applies to the second and third causes of action, and El Rovia is entitled to attorney fees on both.

### A.    The Second and Third Causes of Action Arise Under the MRL

Section 798.85 provides, "In any action arising out of the provisions of this chapter [i.e., the MRL] the prevailing party shall be entitled to reasonable attorney's fees and costs.  A party shall be deemed a prevailing party for the purposes of this section if the judgment is rendered in his or her favor or where the litigation is dismissed in his or her favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise."

For purposes of section 798.85, "an action arises out of the MRL when the 'foundation of the case [is] grounded in [any portion of] the MRL.'  [Citation.]  This is the case where the claims or defenses in the action 'directly involv[e] the application of MRL provisions in specific factual contexts addressed by the MRL.'  [Citations.]  Put differently, an action arising out of the MRL 'includes all proceedings, at least to the time of judgment, which are required to perfect the rights [created by the MRL].'  [Citation.]" (*Canyon View Ltd. v. Lakeview Loan*

---

[2]  Further undesignated statutory citations are to the Civil Code.

8

*Servicing, LLC* (2019) 42 Cal.App.5th 1096, 1113–1114 (*Canyon View*).)

The parties debate in their briefing whether the " 'foundation' " of this case is " 'grounded' " in the MRL.  (*Canyon View*, *supra*, 42 Cal.App.5th at p. 1113.)  To the extent these arguments suggest that entitlement to fees under section 798.85 depends on a determination that an entire complaint is or is not grounded in the MRL, we disagree.  Rather, the correct approach is to determine whether a particular cause of action arises from the MRL so as to implicate section 798.85.  (See *Akins v. Enterprise Rent-A-Car Co.* (2000) 79 Cal.App.4th 1127, 1133 ["When a cause of action for which attorney fees are provided by statute is joined with other causes of action for which attorney fees are not permitted, the prevailing party may recover only on the statutory cause of action."].)  To the extent claims subject to section 798.85 are "separate and distinct" from claims that are not, the trial court must "attempt to apportion fees and costs consistent with the statutory mandate."  (See *Bell v. Vista Unified School Dist.* (2000) 82 Cal.App.4th 672, 688 (*Bell*).)

In this case, the third cause of action arises from the MRL because it alleges El Rovia's imposition of late fees violated section 798.31, a provision of the MRL.  Stooksberry does not dispute this on appeal.

The second cause of action arises from the MRL in part. The second cause of action alleges a violation of the UCL premised on the rent increases and late fees.  The UCL " ' " 'borrows' violations of other laws and treats them as unlawful practices" that the [UCL] makes independently actionable. [Citation.]' [Citations.]" (*SC Manufactured Homes, Inc. v. Canyon View Estates, Inc.* (2007) 148 Cal.App.4th 663, 672, fn. 8

(*SC Manufactured Homes*).)  When the borrowed violation supporting a UCL cause of action is a violation of the MRL, the cause of action "necessarily" involves " 'a specific factual situation addressed by the MRL' " (*Canyon View*, *supra*, 42 Cal.App.5th at p. 1117, fn. 16), thus implicating the right to attorney fees under section 798.85.

Stooksberry's second cause of action alleges an unlawful business practice under the UCL by borrowing the purported prohibition on late fees under section 798.31.  Although the second cause of action does not expressly refer to section 798.31, it expressly incorporates all previous paragraphs of the complaint, which include the general allegation that the late fees violated section 798.31.  Also, Stooksberry asserts under the second cause of action an entitlement to attorney fees under section 798.85, reinforcing our conclusion that the cause of action is premised on a violation of section 798.31, without which he could not seek fees under section 798.85.

Stooksberry argues the second cause of action does not allege a violation of the MRL, but rather is "based in violation of contract law."  We presume Stooksberry is referring to the contract claim raised in the fourth cause of action, which alleges the late fee provision is void under section 1671—the complaint otherwise asserts no contractual basis to challenge the late fees.  Section 1671 prohibits liquidated damages provisions in real estate rental contracts absent certain circumstances.  (§ 1671, subds. (c)(2), (d).)  Although within the Civil Code, it is not part of the MRL.

Stooksberry's argument ignores the fact that the second cause of action 1) expressly incorporates all prior allegations, including the allegation the late fees violate the MRL, and

10

2) invokes the MRL's attorney fee statute.  The first time the original or first amended complaints mention section 1671 is in the fourth cause of action, *after* the allegations pertaining to the UCL.  The complaint cannot be read to premise the UCL claim on section 1671, at least not exclusively.  The trial court erred in ruling the second cause of action does not implicate section 798.85.

The first and fourth causes of action, however, do not arise from the MRL.  The first cause of action is premised on alleged excessive rent increases in violation of Penal Code section 396 during a state of emergency.  The fourth cause of action, again, is based on section 1671.  Neither cause of action requires application of the MRL to resolve.

El Rovia appears to argue that the first and fourth causes of action arise from the MRL because the complaint's prayer seeks statutory damages under section 798.86.  That section allows a homeowner who prevails in an action to enforce rights under the MRL to recover statutory damages of up to $2,000 "for each willful violation of [the MRL] by the management." (§ 798.86.)

We reject this argument.  El Rovia cites no authority that a prayer for statutory damages implicates all causes of action in a complaint, even those for which statutory damages are unavailable as a matter of law, or that general invocation of section 798.86 converts all causes of action to MRL claims.  The more reasonable reading of the complaint is that Stooksberry seeks statutory damages solely for the alleged MRL violations.

## B.    El Rovia is the Prevailing Party on the MRL Claims

To recap, section 798.85 grants attorney fees to a "prevailing party" in an MRL action.  A party is deemed

11

prevailing "if the judgment is rendered in his or her favor or . . . the litigation is dismissed in his or her favor prior to or during the trial, unless the parties otherwise agree in the settlement or compromise."  (§ 798.85.)

A defendant is entitled to attorney fees under section 798.85 even if the plaintiff dismisses the complaint voluntarily.  (See *Del Cerro Mobile Estates v. Proffer* (2001) 87 Cal.App.4th 943, 948–949 (*Del Cerro*); *SC Manufactured Homes*, *supra*, 148 Cal.App.4th at pp. 671, 675.)  In *Del Cerro*, a mobilehome park sued a tenant for, inter alia, public nuisance under the MRL.  (*Id.* at p. 946.)  The park later dismissed the suit without prejudice, and the trial court awarded the tenant $8,153.65 in attorney fees.  (*Ibid.*)

The Court of Appeal held the trial court did not err in awarding attorney fees under section 798.85 on the nuisance claim.  (*Del Cerro*, *supra*, 87 Cal.App.4th at p. 949.)  The court noted that the "express language" of section 798.85 allows for attorney fees in the event of a dismissal in a defendant's favor, and there was no "showing that the parties agreed otherwise." (*Id.* at pp. 948–949.)  The court rejected the argument that the trial court should have "use[d] 'a pragmatic approach' " to determine who was the prevailing party, noting that cases advocating such an approach addressed statutory attorney fee provisions that, unlike section 798.85, do not define "prevailing party" or "the effect of a pretrial dismissal."  (*Id.* at p. 949; see *Coltrain v. Shewalter* (1998) 66 Cal.App.4th 94, 101–102 [although "[t]he vast majority of attorney's fee statutes do not explicitly provide for the event of a voluntary dismissal," "the Legislature has headed the issue off at the pass by specifying in

12

the applicable statute whether a voluntary dismissal makes the defendant the prevailing party," including in § 798.85].)

*SC Manufactured Homes* cited *Del Cerro* to conclude that defendants dismissed by the plaintiff were prevailing parties under section 798.85. (*SC Manufactured Homes*, *supra*, 148 Cal.App.4th at pp. 671, 675.)

Here, as in *Del Cerro*, Stooksberry voluntarily dismissed his MRL claims against El Rovia, and the record does not indicate the parties agreed in settlement or compromise to alter the "prevailing party" definition under section 798.85. El Rovia thus is entitled to attorney fees on the claims arising from the MRL.

Stooksberry argues El Rovia cannot be the prevailing party because El Rovia revoked its late fees policy and refunded his money, leaving him "in a superior position with regard to his MRL claim," a fact not present in *El Cerro*. Stooksberry quotes *Santisas v. Goodin* (1998) 17 Cal.4th 599 (*Santisas*), in which our Supreme Court stated, "[I]t seems inaccurate to characterize the defendant as the 'prevailing party' if the plaintiff dismissed the action only after obtaining, by means of settlement or otherwise, all or most of the requested relief, or if the plaintiff dismissed for reasons, such as the defendant's insolvency, that have nothing to do with the probability of success on the merits." (*Id.* at p. 621.) The trial court appears to have agreed with Stooksberry, finding El Rovia was not entitled to attorney fees because "after the suit was filed" El Rovia "refunded to [Stooksberry] the unauthorized fees."

*Santisas* is not instructive, however, because that case addressed contractual attorney fee provisions under Code of Civil Procedure section 1717 that neither defined "prevailing party"

13

nor expressly authorized or barred fees upon dismissal of the case. (*Santisas*, *supra*, 17 Cal.4th at p. 622.) In that circumstance, "a court may base its attorney fees decision on a pragmatic definition of the extent to which each party has realized its litigation objectives, whether by judgment, settlement, or otherwise." (*Ibid.*) *Santisas* did not hold that a court may engage in this "pragmatic" approach when the relevant attorney fee provision defines "prevailing party"—indeed, the Supreme Court stated courts must "examin[e] the terms of the contract at issue, including any contractual definition of the term 'prevailing party' and any contractual provision governing payment of attorney fees in the event of dismissal." (*Ibid.*) Our holding does not conflict with *Santisas*.

Further supporting our holding is section 798.85's implicit recognition that a dismissal may follow a settlement, a circumstance in which a plaintiff may in fact have obtained "most of the requested relief." (*Santisas*, *supra*, 17 Cal.4th at p. 621.) Yet section 798.85 provides that, even when the dismissal results from a settlement, the defendant is deemed the prevailing party "unless the parties otherwise agree in the settlement or compromise." Under this language, a plaintiff who dismisses MRL claims after obtaining a favorable settlement, even one that largely achieves his or her litigation goals, nonetheless is not the prevailing party absent agreement of the parties. The Legislature therefore contemplated the circumstance presented here, in which a defendant is the prevailing party by virtue of a

14

voluntary dismissal irrespective of whether a party achieved its litigation goals.[3]

Stooksberry argues awarding El Rovia attorney fees "would reward El Rovia for violating the law and then correcting its behavior only after [Stooksberry] was forced to sue it for its unlawful behavior." There has been no determination that El Rovia engaged in unlawful behavior—Stooksberry dismissed his claims before the trial court could adjudicate them, and El Rovia has never admitted wrongdoing. Thus, assuming arguendo El Rovia's wrongdoing would override its entitlement to fees under section 798.85, Stooksberry has failed to prove any wrongdoing.

## C. The Trial Court May Decide in the First Instance the Amount of Attorney Fees To Award

El Rovia contends the amount of attorney fees it requested below is reasonable and Stooksberry's arguments to the contrary

---

[3] In *Employers Mutual Casualty Co. v. Philadelphia Indemnity Ins. Co.* (2008) 169 Cal.App.4th 340, the Court of Appeal interpreted a settlement granting the plaintiffs $3 million, including $1.8 million in attorney fees, to establish the plaintiffs as prevailing parties for purposes of section 798.85, although the settlement did not expressly so state. (*Employers Mutual Casualty Co.*, at p. 351.) "To conclude otherwise," the court held, "would be to exalt form over substance." (*Ibid.*) We have no cause to dispute that a settlement expressly granting attorney fees to the plaintiff impliedly waives the defendant's entitlement to fees under section 798.85. Those circumstances are not present here, where Stooksberry dismissed his MRL claims without settlement, and El Rovia never agreed to pay his attorney fees.

are unfounded. El Rovia asks that we direct the trial court to grant its attorney fees motion with interest.

We decline to do so. There are questions the trial court has yet to address, including the reasonableness of El Rovia's requested fees, and whether and how to apportion them given that not all of Stooksberry's claims arise under the MRL. These questions normally are left to the trial court's discretion, and we see no reason to deviate from that approach. (*Cortez v. Bootsma* (1994) 27 Cal.App.4th 935, 938 [determination of reasonable attorney fees "is a matter vested in the sound discretion of the trial court"]; *Bell*, *supra*, 82 Cal.App.4th at p. 687 [whether and how to apportion attorney fees "rests within the sound discretion of the trial court"].)

El Rovia further asks we award it attorney fees on appeal. *Del Cerro* held it was proper to award attorney fees on appeal under section 798.85: " ' "[I]t is established that fees, if recoverable at all—pursuant either to statute or parties' agreement—are available for services at trial *and on appeal*." . . . Indeed, appellate courts have consistently permitted a successful party to recover attorney fees incurred on appeal when a statute expressly permits such an award in the trial court or other lower tribunal.' [Citation.]" (*Del Cerro*, *supra*, 87 Cal.App.4th at p. 951.) Stooksberry raises no arguments specific to appellate attorney fees. We therefore award El Rovia its reasonable attorney fees in this appeal "in an amount to be determined by the superior court." (*Ibid.*; *Moore v. Teed* (2020) 48 Cal.App.5th 280, 299 [" 'Although this court has the power to fix attorney fees on appeal, the better practice is to have the trial court determine such fees.' "].)

16

## DISPOSITION

The order denying attorney fees is reversed, and the matter remanded for further proceedings consistent with this opinion. El Rovia Mobile Home Park, LLC is awarded its costs and attorney fees on appeal in an amount to be determined by the trial court.

    <u>NOT TO BE PUBLISHED.</u>


                                        BENDIX, Acting P. J.


We concur:



        CHANEY, J.



        WEINGART, J.