Filed 5/12/25  Park v. Lee CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| YUN SOOK PARK, | B335212 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BC701416) |
| v. | |
| JIMMY LEE, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Timothy P. Dillon, Judge.  Affirmed.

Jimmy Lee, in pro. per., for Defendant and Appellant.

Biggins Law Group and Chad Biggins for Plaintiff and Respondent.

* * * * * *

A person found liable for defaming a fellow member of his local Korean community through statements re-published in a Korean-language newspaper article appeals the judgment against him, arguing that no reliable translation of the article was admitted at trial and that he cannot be held jointly liable with the newspaper and its publisher. We reject these arguments and affirm.

## FACTS AND PROCEDURAL BACKGROUND

### I.     Facts[1]

Yun Sook Park (plaintiff) has enjoyed a long career on radio, television, and newspaper programming serving Los Angeles's Korean community. He is also a golf instructor.

In 2015, plaintiff became the president of the Los Angeles Korean Festival Foundation (the Foundation). The Foundation is "well-known . . . in the Korean community" and "puts on a widely-attended and popular annual festival" that brings in $1 million in sponsorships each year. Also in 2015, Jimmy Lee was a chairman of the Foundation. Lee "harbored dislike" of plaintiff because, years prior, plaintiff had accused Lee of misappropriating funds from the Foundation.

In the spring of 2017, Lee hatched a plan to impugn plaintiff by "deliberate[ly] fabricat[ing]" a story that plaintiff had embezzled funds from the Foundation. Lee filed a false police report accusing plaintiff of embezzlement and then "sought out" Simon Yang, who also "strongly disliked" plaintiff and ran a

---

[1]     Pursuant to the standard for reviewing a judgment based upon a statement of decision following a bench trial, we state the facts in the light most favorable to the prevailing party. (*Thompson v. Asimos* (2016) 6 Cal.App.5th 970, 981 (*Thompson*).)

2

Korean publication called *SISA (Current Affairs) Journal* (*SISA*), to publish an article in *SISA* repeating Lee's accusations. Lee knew the truth—namely, that the funds he reported as embezzled had been placed in plaintiff's personal bank account with the approval of the Foundation's board in order to pay down the debt the Foundation owed plaintiff.

On June 5, 2017, Yang and *SISA* published, in print and online, an article headlined "Yun-Sook Park criminally charged. Will he end up in handcuffs?" Alongside the article were photographs of plaintiff, a pair of handcuffs, and stacks of money. The article stated, in pertinent part, that an audit performed by the Foundation "prompted" it to "initiate a criminal action" because the audit "prove[d]" "its funds have been recklessly used as [plaintiff's] pocket money." The information in the article came "'primarily'" from Lee, and Yang did not investigate the facts or verify the content of the article before publishing it. *SISA* has approximately 20,000 readers.

## II.    Procedural Background

In April 2018, plaintiff filed a defamation action against Lee, Yang, and SISA US Midea Holdings, Inc., which owns *SISA*.[2]

The matter proceeded to a bench trial over the course of several days in December 2021, February 2022, April 2022, May

---

[2]    Plaintiff named a fourth defendant in his defamation claim—Jean Kim, also known as Gene Hyoung Kim—but that party was dismissed.

Plaintiff also sued the Foundation for breach of contract, and the Foundation filed a cross-complaint against plaintiff and other parties, but they reached a settlement and dismissed those various claims.

2022, and June 2022.[3]  The parties stipulated to the authenticity and admission at trial of the *SISA* article and to an English translation of the article.  Following post-trial briefing, the trial court issued a statement of intended decision on November 17, 2022.

After the parties filed objections, the trial court issued its final statement of decision on December 20, 2022.  The court found that there was no truth to the statements in the *SISA* article; that Lee's report to Yang and Yang's republication of that report, each of which accuses plaintiff of a crime, constituted slander and libel per se and thus entitled plaintiff to "assumed" damages; that plaintiff is a "public figure"; and that Lee, Yang, and *SISA* acted with actual malice.  The court also rejected as "not credible" Lee's testimony denying his knowledge of the article.  Because plaintiff failed to prove actual damages to his golf business or other sources of income, the court awarded him "assumed" damages of $25,000 "against . . . Lee and also against . . . Yang/*SISA*."  At oral argument, plaintiff conceded this award referred to a *total award* of $25,000 (rather than an award of $25,000 against Lee and $25,000 against Yang/*SISA*).  Following a bifurcated proceeding in July 2023 on punitive damages, the court issued a further ruling on September 29, 2023, awarding plaintiff $25,000 in punitive damages "against Lee and against Yang/*SISA*."

Following the entry of judgment, Lee filed this timely appeal.

---

[3]    Lee failed to designate the entirety of the trial proceedings for the record on appeal.  (See Cal. Rules of Court, rules 8.120(b), 8.130.)

4

## DISCUSSION

Lee raises two challenges to the judgment. First, he argues that the defamatory article should not have been admitted at trial because it was only "partially translated" into English and because "that translation was not credible." Second, he argues that the court erred in holding him jointly and severally liable with Yang/*SISA* for the "assumed" and punitive damages awarded to plaintiff.[4]

## I.    Admission of Defamatory Article

Lee argues that the judgment must be overturned because the *SISA* article that forms the basis for the defamation claim should not have been admitted at trial. More specifically, Lee asserts that there was no accurate translation of the article from Korean into English. Although we review evidentiary challenges for an abuse of discretion (*Briley v. City of West Covina* (2021) 66 Cal.App.5th 119, 132; *People v. Powell* (2018) 5 Cal.5th 921, 961), Lee has forfeited this argument by not including the exhibits containing the article (Exhibits 1 and 103) in the record on appeal. What is more, the portions of the record on appeal before us establish that Lee stipulated to the admission of a certified translation of the article into evidence. (Accord, Cal. Rules of

---

4      For the first time in his reply brief, Lee also argues that there was insufficient evidence to hold him liable for defamation because "strangers" "totally unbeknownst" to him published the article. This argument is waived. (*People v. Tully* (2012) 54 Cal.4th 952, 1075 ["arguments made for the first time in a reply brief will not be entertained"]; *Piedmont Capital Management, L.L.C. v. McElfish* (2023) 94 Cal.App.5th 961, 970, fn. 6.) It also lacks merit because it necessarily rests on second-guessing the trial court's finding that Lee was not credible in denying involvement with the article's publication.

5

Court, rule 3.1110(g) [an exhibit "written in a foreign language must be accompanied by an English translation, certified under oath by a qualified interpreter"].) By so stipulating,[5] Lee did not object to the admission of the translation and thus forfeited his right to appeal that admission. (Evid. Code, § 353, subd. (a) [judgment shall not be set aside "by reason of the erroneous admission of evidence" unless the appealing party objected to that evidence].)

## II. Joint and Several Liability for Damages

Lee also argues that the judgment must be overturned because he was liable for, at most, one-third of the damages award because (1) the judgment does not specify that he is jointly liable with Yang/*SISA*, and (2) imposing joint liability for the assumed and punitive damages runs afoul of Civil Code section 1431.2. We review the award of damages for substantial evidence, and any subsidiary questions of law de novo. (*Thompson, supra*, 6 Cal.App.5th at p. 981.)

As a threshold matter, Lee has forfeited any objection to the imposition of joint liability. A defendant who seeks to avoid joint liability—and thus to have damages apportioned between the defendants severally—must request apportionment before the trial court; the failure to do so precludes such an objection on appeal. (*Del Cerro Mobile Estates v. Proffer* (2001) 87 Cal.App.4th 943, 951; *Pacific Gas & Elec. Co. v. Scott* (1938) 10

---

[5] Although Lee subsequently asserted to the trial court that a portion of the stipulated translation was inaccurate (because the term "charges" in Korean could be open to interpretation), the court rejected this assertion because Lee never offered an alternative certified translation and thus presented no dispute for the court to "adjudicat[e]."

Cal.2d 581, 586; *Heiner v. Kmart Corp.* (2000) 84 Cal.App.4th 335, 348-349; *Meister v. Mensinger* (2014) 230 Cal.App.4th 381, 397.) Lee never requested apportionment before the trial court. Contrary to his assertion on appeal, this forfeiture was not excused by Lee's post-judgment settlement offer to plaintiff for one-third of the total damages award: That offer was made *after* judgment, was not filed with the trial court, and did not ask the trial court to apportion damages.

Further, the trial court properly imposed joint and several liability against Lee and Yang/*SISA* for the assumed and punitive damages.

Contrary to what Lee asserts, the court's orders *did* impose joint liability against the defendants. In its statement of decision, the court awarded assumed damages of "$25,000 in favor of [plaintiff] and against [] Lee *and also against* [] Yang/*SISA*"; and in its subsequent order, the court awarded "punitive damages of $25,000 against Lee *and against* Yang/*SISA*." (Italics added.) By imposing the assumed and punitive damages upon Lee *and* Yang/*SISA*, the court imposed joint liability. And even if this language was ambiguous, any ambiguity should be construed in favor of joint liability, which is the presumptive type of liability. (Civ. Code, § 1431; *Aetna Health Plans of California, Inc. v. Yucaipa-Calimesa Joint Unified School Dist.* (1999) 72 Cal.App.4th 1175, 1189.)

The trial court's imposition of joint liability was also consistent with the law. Although Civil Code section 1431.2 precludes the imposition of joint liability for "non-economic damages" (Civ. Code, § 1431.2, subd. (a)), and although "assumed damages" include elements of "non-economic damages" because both address "injury to reputation" and "mental suffering" (*id.*,

7

subd. (b)(2); *Douglas v. Janis* (1974) 43 Cal.App.3d 931, 940-941; *DiGiorgio Fruit Corp. v. AFL-CIO* (1963) 215 Cal.App.2d 560, 576-577; CACI Nos. 1700, 1704), the rule against the imposition of joint liability for non-economic damages does not apply to intentional tortfeasors who are acting in concert to cause a plaintiff's indivisible injury. (*B.B. v. County of Los Angeles* (2020) 10 Cal.5th 1, 20, 24; see also *Kesmodel v. Rand* (2004) 119 Cal.App.4th 1128, 1145 [statute does not apply to "joint tortfeasors who act in concert to cause the plaintiff's harm"].) Here, the trial court found that Lee and Yang/*SISA* not only acted intentionally, but also with malice. Joint liability is supported by the law.

## DISPOSITION

The judgment is affirmed. Plaintiff is entitled to his costs on appeal.

<u>NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS</u>.


_____, P.J.
HOFFSTADT


We concur:


_____, J.
BAKER


_____, J.
KIM (D.)

8