Filed 2/25/25  Zamanimahforoujaki v. Caranizadeh CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| ALI ZAMANIMAHFOROUJAKI, | C100297 |
| Plaintiff and Appellant, | (Super. Ct. No. S-CV-0049935) |
| v. | |
| SEYEDMOHAMMAD CARANIZADEH, | |
| Defendant and Respondent. | |

Appellant Ali Zamanimahforoujaki (Zamani) appeals an award of attorney fees, contending that the trial court erred in finding Seyedmohammad Caranizadeh the prevailing party and by awarding excessive and unreasonable fees.  We disagree and affirm.

1

## FACTUAL AND LEGAL BACKGROUND

In February 2023, Zamani applied to Placer County Superior Court for a civil harassment restraining order (CHRO) under Code of Civil Procedure section 527.6.[1] In support of his application, he alleged that he and his son operate a business on Fulton Avenue, at property co-owned by his son and Caranizadeh. He further alleged that Caranizadeh had illegally tried to eject them from the property, leased the property to another business—Armani Financial—and threatened his and his son's safety. On February 16, 2023, the trial court issued an ex parte temporary restraining order (TRO) and set an expiration and hearing date of March 6, 2023.

Caranizadeh filed a response to the CHRO, denying that he threatened or interfered with Zamani's business in any way. In fact, he alleged that Zamani threatened him. He further alleged that he and Zamani's son are members of 3D Investment Group, Inc. (3D), which owns the property at issue. He further alleged that 3D previously ran a car dealership at the property at which Zamani worked, the dealership had closed, and the property had sat vacant since approximately June of 2022.

The lease with Armani Motors appears to be the subject of a separate lawsuit filed by Zamani's son in Sacramento County in January 2023.[2] In April 2023, the Sacramento County Superior Court granted Armani's motion for a preliminary injunction prohibiting, inter alia, Zamani and his son from trespassing or harassing people affiliated with Armani.

---

[1]   Undesignated statutory references are to the Code of Civil Procedure.

[2]   The Placer County Superior Court agreed to take notice of the existence, but not of the contents, of several documents related to the Sacramento County case. The Sacramento County case is not at issue here.

2

With respect to the pending CHRO action in Placer County, on March 6, 2023, the trial court terminated the TRO, finding the "likelihood of recurrence no longer shown," and continued the hearing. In May 2023, prior to trial on the CHRO, the trial court granted Zamani's request to dismiss the action without prejudice; Zamani represented that "The case is moot in view of a Preliminary Injunction issued in another case."

Caranizadeh's attorneys then sought an award of attorney fees for $27,008.50, arguing Caranizadeh was the prevailing party in the CHRO action under sections 527.6 and 1032. The trial court granted the motion in part but reduced the award amount. The trial court ruled as follows: "The prevailing party in a CHRO proceeding may be awarded court costs and attorneys' fees. (Code Civ. Proc., § 527.6, subd. (s).) As Code of Civil Procedure section 527.6 does not define prevailing party, the definition in Code of Civil Procedure section 1032(a)(4) applies: ' "Prevailing party" includes . . . a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant.' (Code Civ. Proc., § 1032, subd. (a)(4); see also *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 [applying Section 1032(a)(4)'s definition to CHRO proceedings].) Here, [Caranizadeh] is the prevailing party. While [Zamani] contends to be the prevailing party because temporary orders were issued on an ex parte basis, [Zamani] cites no authority compelling such a conclusion and the court is not aware of any. Accordingly, [Caranizadeh] is the prevailing party and the court may award [Caranizadeh] attorneys' fees and costs. The court chooses to exercise its discretion and the motion is granted in part."

In addressing whether Caranizadeh's request was reasonable, the trial court noted it carefully reviewed the moving papers, counsel's declaration and attached invoices along with the entire court file. The court found the requested hourly rates were "unreasonable given the hourly rate prevailing in the community for comparable legal services. The CHRO matter at hand presents legal issues that are not particularly difficult

3

nor do they require specialization. Accordingly, the court finds a reasonable rate for attorney services to be $350 per hour and $150 for paralegal/clerk services."

The court also reduced the number of hours expended, finding that fees requested for a case management conference *after* dismissal was entered in the instant case as well as fees requested for conferring and strategizing with counsel were unnecessary. "Further, the number of hours requested for pre-hearing services (33.8 hours) and for preparation of the instant motion (17.7 hours) are excessive and should be reduced. In light of these observations, the court finds 33.5 hours for attorney services and 7.4 hours for clerk/paralegal services to be reasonable. [Caranizadeh] is awarded attorneys' fees in the amount of $12,835 . . . [¶] . . . [¶] The court declines to exercise its discretion to award respondent additional fees which are not supported by declaration."

## DISCUSSION

### I

### *Applicable Law Regarding the Determination of* ### *"Prevailing Party"*

As a preliminary matter, we note that we review an award of prevailing party attorney fees for abuse of discretion. (See *Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443 (*Elster*) [applying abuse of discretion standard to order denying prevailing party fees in a request for a civil harassment restraining order (§ 527.6)].) It is an abuse of discretion if the trial court bases its decision on an incorrect legal standard. (*People v. Knoller* (2007) 41 Cal.4th 139, 156; *Wade v. Superior Court* (2019) 33 Cal.App.5th 694, 709.)

Zamani contends that the trial court erred in applying the definition of "prevailing party" in section 1032 to find Caranizadeh the prevailing party in the CHRO action. He claims that section 527.6 governs attorney fees in CHRO actions and, unlike section 1032, provides for discretionary fees. He further

4

contends that the trial court should have employed a pragmatic approach to determining the prevailing party, under which he would have prevailed. Finally, he argues the trial court erred in awarding any attorney fees as the request was excessive and unreasonable.

Caranizadeh responds that the trial court properly found it had discretion to award attorney fees, expressly rejected Zamani's contention that he was the prevailing party, and awarded a reasonable amount. Caranizadeh further asserts that Zamani has no legal basis for appealing the order and that Zamani "has again succeeded in forcing [Caranizadeh] to incur needless attorney fees."

"Attorney fees are recoverable as costs only where expressly authorized by contract or statute." (*Stratton v. Beck* (2018) 30 Cal.App.5th 901, 909; see § 1021.) In reviewing an award for attorney fees, " ' "[a]ll intendments and presumptions are indulged to support [the judgment] on matters as to which the record is silent, and error must be affirmatively shown." ' [Citation.] . . . 'It is the burden of the party challenging the [ruling] on appeal to provide an adequate record to assess error.' " (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141.) Because Zamani did not include a transcript of the hearing on the motion for fees, we must review Zamani's claim of error based on the record we were provided, i.e., the written ruling.

Section 527.6, subdivision (s) expressly provides for the prevailing party in an action for a restraining order to recover attorney fees: "The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any." Established case law makes clear that an award of fees under this provision lies within the sound discretion of the trial court. (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802 ["the decision whether to award attorney fees to a prevailing party—plaintiff or defendant—under section 527.6 . . . is a matter committed to the discretion of the trial court"].) As *Krug* observed, "[t]he normal rule of statutory construction is that when the Legislature provides that a court . . . 'may' do an act, the statute is permissive, and grants discretion to the decision maker." (*Ibid.*)

5

As the trial court noted, section 527.6 does not define "prevailing party," and the court applied the definition in section 1032. Zamani claims this was error. We disagree.

Defining the term "prevailing party," section 1032, subdivision (a)(4) classifies prevailing parties into two distinct groups. The trial court found the first group relevant. This group is comprised of four categories of litigants—including a defendant in whose favor a dismissal is entered—who qualify automatically as prevailing parties. "[T]he trial court has no discretion to deny prevailing party status to a litigant who falls within one of the four statutory categories in the first prong of the provision." (*Wakefield v. Bohlin* (2006) 145 Cal.App.4th 963, 975, disapproved on another ground in *Goodman v. Lozano* (2010) 47 Cal.4th 1327, 1333-1338; accord, *Michell v. Olick* (1996) 49 Cal.App.4th 1194, 1197-1198.)[3] "However, section 1032 is the general costs statute. A prevailing party under section 1032 is not necessarily a prevailing party under a separate attorney fee statute." (*MacQuiddy v. Mercedes-Benz USA, LLC* (2015) 233 Cal.App.4th 1036, 1047.)

We agree that if the trial court chose to award attorney fees, it was obligated to do so pursuant to section 527.6, the specific authorizing statute. We conclude that the trial court's order clearly reflects that it did just that. The order stated: "The prevailing party in a CHRO proceeding may be awarded court costs and attorneys' fees. (Code Civ. Proc., § 527.6, subd. (s).)" The trial court then turned to section 1032, subdivision (a)(4) for a definition of "prevailing party." We

---

[3] There is a second group—parties who recover other than monetary relief and those in situations other than as specified in the first prong of the statute—for which the trial court may exercise its discretion to determine who is the prevailing party and award costs accordingly. (*Wakefield v. Bohlin*, *supra*, 145 Cal.App.4th at p. 977.)

disagree that the trial court's reliance on this definition of "prevailing party" was improper.

While appellate courts have disagreed on how to define the "prevailing party" when a statute is silent on the issue, some courts have looked to section 1032 for guidance. (§ 1032, subd. (a); *Adler v. Vaicius*, *supra*, 21 Cal.App.4th at p. 1776 [applying the statute's definition of "prevailing party" to affirm an award of attorney fees to a defendant after the plaintiff voluntarily dismissed her petition for a civil harassment restraining order under § 527.6]; *Elster*, *supra*, 211 Cal.App.3d at p. 1443.) Other courts have rejected the application of section 1032, instead holding that the determination of the prevailing party in such an instance is left to the discretion of the trial court who has "discretion to determine whether [the dismissed defendant] was the prevailing party 'on a practical level.' " (*Galan v. Wolfriver Holding Corp.* (2000) 80 Cal.App.4th 1124, 1129; see *id*. at pp. 1128-1129.) However, reliance on the definition in section 1032 for guidance is not forbidden. Our high court has explained that definition "is particular to [section 1032] and does not *necessarily* apply to attorney fee statutes or other statutes that use the prevailing party concept." (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147, italics added.) Where the fee statute does not define the term prevailing party, case law has cautioned that courts should not *automatically* apply section 1032, subdivision (a)(4) and should, instead, "analyze[ ] which party ha[s] prevailed on a practical level." (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574, citing *Elster*, *supra*, 211 Cal.App.3d 1439; see *Sharif v. Mehusa, Inc.* (2015) 241 Cal.App.4th 185, 192 ["The courts have repeatedly rejected the contention that the prevailing party definitions in . . . section 1032, subdivision (a)(4) 'should be automatically applied in cases where the authorizing attorney fees statute does not define prevailing party' "].)

A review of the trial court's written ruling reflects that the court did not *automatically* apply the definition of section 1032. In its ruling, the trial court repeatedly

7

stated it was exercising its discretion in awarding and calculating fees. Thus, despite turning to section 1032, subdivision (a)(4) for guidance, the court's ruling reflects that the court was *not* awarding fees to Caranizadeh because he fell within one of the four statutory categories in section 1032, subdivision (a)(4) that mandates fees and costs. Indeed, had it done so, a fees and costs award to Caranizadeh would have been mandatory. Rather, the court exercised its discretion to determine the prevailing party under section 527.6. In short, the written ruling does not undermine, but rather supports, the presumption that the court's ruling was correct. Zamani and the state of the record (including the lack thereof) do not convince us otherwise.

Zamani contends the trial court abused its discretion in rejecting his claim that he was the prevailing party. According to Zamani, he obtained the relief he sought where his TRO was granted and the need for a CHRO was mooted by the preliminary injunction in the Sacramento County case. This position is not well-taken.

Zamani's citation to *Adler v. Vaicius*, *supra*, 21 Cal.App.4th 1770 does not assist him. In *Adler*, the plaintiff filed a petition to enjoin a police officer from harassing her and obtained a TRO pursuant to allegations of sexual battery. The officer denied the allegations. (*Id*. at p. 1773.) While awaiting the hearing, the officer served plaintiff with discovery and she dismissed the case with prejudice. Thereafter, the court awarded the officer $975 in attorney fees. (*Id*. at p. 1774.)

On appeal, the *Adler* plaintiff argued she was the prevailing party because "she achieved what she wanted by obtaining the TRO since it was unlikely respondent would bother her after she filed her complaint with the police department." (*Adler v. Vaicius*, *supra*, 21 Cal.App.4th at p. 1774.) The court observed that although section 527.6 provides for expedited injunctive relief to victims of harassment, it also extends important due process safeguards to the

8

party to be enjoined, including the opportunity to present his or her case to a judge, who is required to receive all relevant evidence and to issue an injunction only upon clear and convincing evidence of harassment as defined by statute and case law. The *Adler* court refused to "turn these safeguards on their head" by accepting plaintiff's theory that "a person could obtain a TRO ex parte and then, prior to hearing on the injunction, dismiss the proceedings and claim attorney fees as [the] prevailing party before the restrained party had the opportunity for a hearing on the merits." (*Id*. at p. 1775.) We agree with *Adler* and follow it here in concluding that Zamani did not become the prevailing party by obtaining a TRO based on allegations that he ultimately did not prove.

Zamani also contends the preliminary injunction in the Sacramento case "is not a final determination on the merits and should not have influenced the prevailing party analysis in this separate CHRO action." Zamani seems to forget that in requesting the trial court dismiss the CHRO action, he represented that "[t]he case is moot in view of a Preliminary Injunction issued in another case." And, in ruling on the motion for attorney fees, the court never mentioned the preliminary injunction as a reason for finding Caranizadeh was the prevailing party, much less find that due to the preliminary injunction Caranizadeh was entitled to attorney fees as a matter of right. As explained above, the trial court expressly exercised its discretion to award attorney fees and, whether done under section 1032 or 527.6, in doing so the trial court determined Caranizadeh achieved his litigation purposes and was the prevailing party. Zamani offers no compelling reason why this determination was an abuse of discretion.

II

*Award of Attorney Fees*

Finally, Zamani contends that the entire amount of attorney fees requested was unreasonable and therefore the request should have been denied in its entirety. In some cases, attorney fees may be denied to prevailing parties. In *Serrano v. Unruh* (1982) 32 Cal.3d 621, the Supreme Court addressed a fee award under the private attorney

9

general statute. The court wrote: "A fee request that appears unreasonably inflated is a special circumstance permitting the trial court to reduce the award or deny one altogether. 'If . . . the Court were required to award a reasonable fee when an outrageously unreasonable one has been asked for, claimants would be encouraged to make unreasonable demands, knowing that the only unfavorable consequence of such misconduct would be reduction of their fee to what they should have asked in the first place. To discourage such greed, a severer reaction is needful. . . .' " (*Id*. at p. 635, fn. omitted; see also *Chavez v. City of Los Angeles* (2010) 47 Cal.4th 970, 976, 990-991 [where a plaintiff's fee request was "grossly inflated" given the plaintiff's "minimal success" in recovering damages, court did not abuse its discretion by denying fees altogether].)

In this case, the trial court found the request was unreasonably inflated and exercised its discretion to reduce the award by over half. Zamani acknowledges the trial court's authority to reduce the award but does not persuasively argue why this was an abuse of discretion under the circumstances of this case. We reject his conclusory claim that "the trial court abused its discretion by not denying the fee request in its entirety."

In short, we see no basis in this record to conclude the trial court "manifest[ly] abuse[d its] discretion" in granting Caranizadeh fees. (*Elster*, *supra*, 211 Cal.App.3d at p. 1443.)

10

**DISPOSITION**

The order is affirmed.  Zamani to bear Caranizadeh's costs on appeal.  (Cal. Rules of Court, rule 8.278(a)(1), (2).)

                                                         /s/
                                                  EARL, P. J.

We concur:

_____/s/_____
DUARTE, J.

_____/s/_____
RENNER, J.