Filed 9/5/25  Jadidi v. Ibarra CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

|  |  |
|---|---|
| MOJGAN JADIDI,<br><br>      Plaintiff and Appellant,<br><br>      v.<br><br>ROSA IBARRA,<br><br>      Defendant and Respondent. | B330697<br><br>(Los Angeles County<br>Super. Ct. No.<br>22CHRO02103) |

APPEAL from an order of the Superior Court of Los Angeles County, Lee S. Arian, Judge.  Affirmed.

Mojgan Jadidi, self-represented litigant, for Plaintiff and Appellant.

Wolf, Rifkin, Shapiro, Schulman & Rabkin and Daniel Medioni for Defendant and Respondent.

# I.    INTRODUCTION

Plaintiff Mojgan Jadidi appeals from an order denying her petition for a civil harassment restraining order against defendant Rosa Ibarra (petition) and a subsequent award of attorney fees to defendant as the prevailing party.  We affirm.

# II.    BACKGROUND

On November 3, 2022, plaintiff filed a request for a civil harassment restraining order against defendant pursuant to Code of Civil Procedure section 527.6[1], alleging that defendant had engaged in a course of conduct in October 2022 by entering plaintiff's home without permission and not leaving when told to do so.  Plaintiff also alleged that on October 25, 2022, defendant "ambush[ed]" plaintiff, caused two men to "stalk" plaintiff by having the men park their car "close to" plaintiff's driveway, and destroyed plaintiff's personal property, namely, cameras. Plaintiff explained that she telephoned 911 in response.  Plaintiff also alleged that on October 31, 2022, defendant returned to plaintiff's property and "instigate[d] fear and unsafety."

On December 23, 2022, the trial court held an evidentiary hearing on the petition at which both plaintiff and defendant testified.  Plaintiff complained of defendant's harassment, which plaintiff described as comprised of visiting her townhome, taking photographs, and trying to remove the security cameras plaintiff had installed outside of her residence.  Defendant testified she was the property manager and the administrative assistant to

---

[1]    Further statutory references will be to the Code of Civil Procedure.

2

the board of directors (board) for the homeowners' association (association) that supervised the residential complex where plaintiff lived. Defendant explained that plaintiff's security cameras violated association rules, and defendant was acting within the scope of her employment when she worked to remove them. Plaintiff admitted that defendant never threatened her and never made physical contact with her. At the conclusion of the testimony, the court found that defendant's conduct was intended to obtain compliance with the association rules, and defendant did not engage in "any conduct that is worthy of a restraining order." The court therefore denied plaintiff's petition. Plaintiff timely appealed.

On December 29, 2022, defendant filed a motion to recover $5,312.50 in attorney fees she had incurred while defending against plaintiff's petition. The motion did not include a hearing date or time on the face page. On January 5, 2023, defendant filed a notice that the hearing on the motion for attorney fees would be held on April 6, 2023, at 8:30 a.m. On March 28, 2023, the parties filed a stipulation to continue the hearing on the motion for attorney fees to April 14, 2023, or a later date convenient to the court's calendar. On that same date, the trial court entered an order continuing the hearing to April 25, 2023, at 8:30 a.m., and defendant filed a notice of the new hearing date and time, which defendant served on plaintiff.

On April 21, 2023, plaintiff filed an opposition to defendant's motion for attorney fees on the grounds that the original motion filed by defendant did not include a hearing date or time. On April 25, 2023, the trial court conducted an initial hearing on the motion for attorney fees and heard oral argument at which plaintiff represented that she was experiencing financial

hardship.  The court then continued the hearing to allow plaintiff to file documentation regarding her finances and ordered that she prepare, file, and serve an updated income and expense declaration (declaration) by no later than May 9, 2023.

On May 11, 2023, plaintiff filed a supplemental opposition to defendant's motion for attorney fees, which included an income and expense declaration.  That declaration listed plaintiff's real property assets as $525.00.  Defendant responded by filing her attorney's supplemental declaration and exhibits in support of her request for attorney fees.  The exhibits demonstrated that plaintiff owned two properties with a combined unencumbered value of over $1.4 million.

On May 24, 2023, the trial court held the continued hearing on the attorney fees motion.  Plaintiff testified at the hearing and admitted to having typos and inadvertent omissions in her declaration but claimed defendant had overvalued her properties.  The court found that plaintiff had lied in the declaration and that she had failed to demonstrate financial hardship.  The court took the matter under submission to consider defendant's revised fee request.[2]

On June 30, 2023, the trial court issued its written order awarding defendant $6,000 in attorney fees, stating "[plaintiff] misrepresented her financial condition in the documents she filed with the Court and . . . she has the ability to pay reasonable attorney fees incurred by [defendant]."  Plaintiff timely appealed.

---

[2]      On May 11, 2023, defendant submitted a supplemental pleading revising her request for a fee award to $7,437.50.

## III. DISCUSSION

Defendant urges us to dismiss the appeal because plaintiff has failed to cite the record or make cognizable legal arguments supported by pertinent authority.  We agree.

Self-represented litigants are to be treated like any other party and receive no greater consideration than litigants represented by attorneys.  (*ViaView, Inc. v. Retzlaff* (2016) 1 Cal.App.5th 198, 208.)

"A judgment or order of the lower court is *presumed correct*. All intendments and presumptions are indulged to support it on matters as to which the record is silent, and error must be affirmatively shown."  (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.)

"[T]o demonstrate error, an appellant must supply the reviewing court with some cogent argument supported by legal analysis and citation to the record."  (*City of Santa Maria v. Adam* (2012) 211 Cal.App.4th 266, 286–287; *Mansell v. Board of Administration* (1994) 30 Cal.App.4th 539, 545 ["We are not required to search the record to ascertain whether it contains support for [plaintiff's] contentions"].)  Each brief on appeal must "[s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears."  (Cal. Rules of Court, rule 8.204(a)(1)(C).)  "'As a general rule, "[t]he reviewing court is not required to make an independent, unassisted study of the record in search of error or grounds to support the judgment."  [Citations.]  It is the duty of counsel to refer the reviewing court to the portion of the record which supports appellant's contentions on appeal.  [Citation.]  If no citation "is furnished on a particular point, the court may treat

5

it as waived." [Citation.]' [Citation.]" (*Lonely Maiden Productions, LLC v. GoldenTree Asset Management, LP* (2011) 201 Cal.App.4th 368, 384.) "We look askance at [the] practice of stating what purport to be facts—and not unimportant facts—without support in the record. This is a violation of the rules, specifically rule 8.204(a)(1)(C) . . . , with the consequence that such assertions will, at a minimum, be disregarded. [Citation.]" (*Liberty National Enterprises, L.P. v. Chicago Title Ins. Co.* (2011) 194 Cal.App.4th 839, 846.)

"In a challenge to a judgment, it is incumbent upon an appellant to present argument and authority on each point made." (*County of Sacramento v. Lackner* (1979) 97 Cal.App.3d 576, 591.) A reviewing court may disregard any contentions unsupported by citation to authorities. (*City of Lincoln v. Barringer* (2002) 102 Cal.App.4th 1211, 1239 & fn. 16; *Kim v. Sumitomo Bank* (1993) 17 Cal.App.4th 974, 979; see *WFG National Title Ins. Co. v. Wells Fargo Bank, N.A.* (2020) 51 Cal.App.5th 881, 894 [prejudice arguments forfeited for failure to cite record evidence].) "[F]ailure of an appellant in a civil action to articulate any pertinent or intelligible legal argument in an opening brief may, in the discretion of the court, be deemed an abandonment of the appeal justifying dismissal." (*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)

Plaintiff has failed to carry her burden on appeal. Plaintiff's opening brief includes a recitation of a litany of facts, many of which are irrelevant to our consideration of the orders on appeal and contradicted by the record on appeal. But the opening brief does not include a single citation to the record. After defendant's response brief emphasized plaintiff's violation of rule 8.204 and other substantive shortcomings, plaintiff included

record citations in the reply brief. Her efforts in the reply brief do not cure the deficiencies in her opening brief because "[p]oints raised for the first time in a reply brief will ordinarily not be considered, because such consideration would deprive the respondent of an opportunity to counter the argument." (*American Drug Stores, Inc. v. Stroh* (1992) 10 Cal.App.4th 1446, 1453; *Neighbours v. Buzz Oates Enterprises* (1990) 217 Cal.App.3d 325, 335, fn. 8 ["'Obvious considerations of fairness in argument demand that the appellant present all of his points in the opening brief'"].)

Our consideration of plaintiff's appeal is further hampered by plaintiff's failure to include case citations for many of the cases that plaintiff purports to cite. Plaintiff also cites to authority that does not support the proposition for which she cites the case.[3] We conclude that the many deficiencies in

---

[3] For example, plaintiff cites "*Doe v. Doe* (2010) 190 Cal.App.4th 1111, 1118" but no such case exists. The case that appears at that pin citation is *In re Allison J.* (2010) 190 Cal.App.4th 1106, which affirms a juvenile court's order denying a parent reunification services.

As another example, plaintiff cites *Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 806 (*Krug*), for the proposition that "Section 527.6 prohibits fee awards when harassment is ongoing or unresolved." *Krug* does not include a page 806, and the opinion does not contain that principle.

As a final example, plaintiff cites *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 (*Adler*), for the proposition that "[o]ngoing harassment and unresolved issues preclude a finding that [defendant] was the prevailing party." *Adler* includes no such statement. Instead, in that case, the court affirmed the trial court's award of attorney fees to a defendant after the plaintiff voluntarily dismissed her petition, finding that defendant was

7

plaintiff's briefs also support a finding that plaintiff has waived her arguments on appeal.  (*Berger v. California Ins. Guarantee Assn.* (2005) 128 Cal.App.4th 989, 1007; *Dills v. Redwoods Associates, Ltd.* (1994) 28 Cal.App.4th 888, 890, fn. 1 [appellate court "will not develop the appellants' arguments for them"].)

In any event, and for plaintiff's benefit, we note that our independent review of the record demonstrates that the trial court did not abuse its discretion when it denied plaintiff's petition (*Gonzalez v. Munoz* (2007) 156 Cal.App.4th 413, 420) and that the court's finding that plaintiff had not met her burden of proof is supported by substantial evidence (*Harris v. Stampolis* (2016) 248 Cal.App.4th 484, 497).  Further, the court did not abuse its discretion when it awarded defendant attorney fees. (*Krug*, *supra*, 172 Cal.App.4th at p. 802.)

---

the prevailing party within the meaning of section 527.6.  (*Adler, supra*, 21 Cal.App.4th at pp. 1776–1777.)

## IV.   DISPOSITION

The orders denying the petition and granting attorney fees to defendant are affirmed.  Defendant is awarded costs on appeal.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM (D.), J.

We concur:

HOFFSTADT, P. J.

MOOR, J.