Filed 3/18/26  Marriage of J.M. and S.M. CA2/6

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SIX

| | |
|---|---|
| In re Marriage of J.M. and S.M. | 2d Civ. No. B344793<br>(Super. Ct. No. D410362)<br>(Ventura County) |
| J.M.,<br><br>    Respondent,<br><br>v.<br><br>S.M.,<br><br>    Appellant. | |

S.M. appeals from the trial court's denial of his motion to dismiss a pending request for a domestic violence restraining order against him.  We affirm.

### FACTS AND PROCEDURAL HISTORY

In June 2023, J.M. filed a request for a protective order against S.M.  The trial court issued a temporary restraining order (TRO) until the July 2023 hearing on J.M.'s request for a

protective order. At the July 2023 hearing, S.M.'s attorney requested a trial continuance, which the trial court granted. The parties agreed to continue the trial again in September 2023, December 2023, June 2024, and September 2024. In October 2024, the parties appeared, requested the matter be set for trial, and the trial court set the matter for March 2025.

In January 2025, S.M. filed a "request to dismiss pursuant to termination of temporary restraining order," contending that, at the October 2024 hearing, the trial court failed to obtain S.M.'s time waiver when setting the matter for trial. S.M. contended the TRO had expired, and the court could not conduct the upcoming trial. At the March 2025 hearing, the trial court denied S.M.'s motion to dismiss, noting that S.M.'s counsel "was present and agreed to setting today's trial date and he represented that today's date would be after the conclusion of his client's related criminal matter." The trial court proceeded with the trial, granted J.M.'s request, and issued a five-year protective order.

DISCUSSION

S.M. contends the trial court erred when it denied his motion to dismiss. We disagree.

Under the Domestic Violence Protection Act, a court is authorized to issue a protective order enjoining a party from engaging in specific acts of harassment or abuse against a spouse or cohabitant. (Fam. Code[1], §§ 6211, subds. (a) & (b), 6218.) A protective order must be set for hearing within 21 to 25 days of

---

[1] Undesignated statutory references are to the Family Code.

2

issuance of the TRO, but may be reissued and the hearing continued upon request of either party.  (§§ 242, subd. (a), 245.)

S.M. does not argue the merits of J.M.'s petition.  Instead, S.M. contends the trial court erred when it denied his motion to dismiss J.M.'s petition and dissolve the TRO because a hearing on the request was not heard within 21 to 25 days of the TRO without obtaining S.M.'s time waiver.

There are "three fundamental principles of appellate review: (1) a judgment [or order] is presumed correct; (2) all intendments and presumptions are indulged in favor of correctness; and (3) the appellant bears the burden of providing an adequate record affirmatively proving error." (*Fladeboe v. American Isuzu Motors Inc*. (2007) 150 Cal.App.4th 42, 58.)  Even where error is demonstrated, an appellant has a burden to also show the error was prejudicial, resulting in a miscarriage of justice. (Cal. Const., art. VI, § 13; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 566; *F.P. v. Monier* (2017) 3 Cal.5th 1099, 1107.)

S.M. fails to identify any prejudice he suffered resulting from the trial court's denial of his motion to dismiss.  S.M., represented by counsel, participated in the trial on J.M.'s request for a protective order.  S.M.'s attorney argued his client's case, cross-examined J.M. (the only witness), and made objections.  Based on this record, there is no evidence S.M. was prejudiced by the denial of his motion to dismiss because he was able to participate in the hearing on J.M.'s petition.

Moreover, the statute permits the court to continue the hearing beyond the 25-day period on request of either party. (§ 245, subd. (b); see *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1775–1776 [preliminary injunctions under Code Civ. Proc., § 527

3

"may be lawfully continued beyond the statutory time at the request of the defendant . . ."].)  That is what the trial court did here.

In the settled statement, the trial court notes the initial hearing on J.M.'s request for a protective order was timely set for July 5, 2023, 22 days after the June 13, 2023, filing date.  On that date, and on three occasions thereafter, counsel for both parties requested a trial continuance so that S.M.'s related criminal proceedings would conclude.  (*Fuller v. Superior Court* (2001) 87 Cal.App.4th 299, 307 [trial court may stay civil proceedings until disposition of related criminal proceedings].)  And when counsel appeared in October 2024 to request the matter be set for trial, S.M.'s counsel agreed to a March 2025 trial date, stating S.M.'s criminal matter would conclude prior to the trial date.  In denying S.M.'s subsequent motion to dismiss, the trial court found that S.M. had agreed to the March 2025 trial date.  We presume the trial court's finding is correct.  (*Cross v. Tustin* (1951) 37 Cal.2d 821, 826.)

Finally, S.M. contends the failure to hold a trial on J.M.'s request for a protective order within the deadline specified in section 242 violated his due process rights.  Whether a restraining order infringes on procedural due process rights is a question of law subject to de novo review.  (*In re Marriage of D.S. & A.S.* (2023) 87 Cal.App.5th 926, 933.)

The record does not support that S.M.'s due process rights were violated.  S.M. requested multiple continuances of the trial, agreed to a trial date, and participated in that trial.  And the reason the trial was continued beyond the deadline set forth in section 242 is because S.M. requested it be continued.  S.M. cannot now claim those continuances were unlawful.  (*Mesecher*

*v. County of San Diego* (1992) 9 Cal.App.4th 1677, 1685 [appellant waives the right to attack error by agreeing to the ruling or procedure objected to on appeal].)  Even if the hearing was untimely, which it was not, this did not divest the trial court of jurisdiction over J.M.'s request for a permanent protective order.  (*Adler v. Vaicius*, *supra*, 21 Cal.App.4th at p. 1775 [continued validity of a TRO immaterial to the court's jurisdiction to hold a hearing on underlying petition requesting injunctive relief].)

DISPOSITION

The judgment is affirmed.  Because J.M. did not appear on appeal, neither party shall recover costs.  (Cal. Rules of Court, rule 8.278(a)(5).)

<u>NOT TO BE PUBLISHED.</u>

BALTODANO, J.

We concur:

YEGAN, Acting P. J.

CODY, J.

5

Dana K. Caudill, Judge

Superior Court County of Ventura

_____

David D. Diamond for Appellant.

No appearance for Respondent.